GAS 'N SHOP, INC., APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION AND CITY OF NORFOLK, APPELLEES.
492 N.W.2d 12

Filed November 13, 1992.   No. S-90-216.

Donald L. Dunn and Carl J. Sjulin, of Rembolt Ludtke Parker & Berger, for appellant.

Don Stenberg, Attorney General, and Marie C. Pawol, and, on brief, Edwin C. Perry and Gregory H. Perry, of Perry, Guthery, Haase & Gessford, P.C., for appellee Liquor Control Commission.

David H. Ptak, of Ptak & Schukei, P.C., for appellee City of Norfolk.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Acting in accordance with the recommendation of the appellee City of Norfolk, the appellee Nebraska Liquor Control Commission denied the appellant Gas 'N Shop's application for a license permitting it to sell beer at retail within the city's corporate limits for consumption away from the existing convenience store premises sought to be licensed. Upon appeal thereto by Gas 'N Shop, the district court affirmed. In its appeal to this court, Gas 'N Shop assigns as error the district court's failure to find the commission's order to be arbitrary and capricious. We reverse, and remand with direction.

Gas 'N Shop initiated its appeal to the district court on March 17, 1989. Thus, for the reasons articulated in *Gas 'N Shop v. Nebraska Liquor Control Comm., ante* p. 898, 492 N.W.2d 7 (1992) (case No. S-90-158), released today, the commission's claim that Gas 'N Shop should have invoked the jurisdiction of the district court of the county in which Norfolk is situated, rather than that of the district court of Lancaster County, fails. Also, for the reasons therein enunciated, this appeal is controlled by the substantive law applied in the aforementioned opinion, and the scope of our review is de novo

on the record.

Here, too, the record demonstrates beyond question that Gas 'N Shop satisfies the conditions specified in Neb. Rev. Stat. § 53-132(2)(a), (b), and (c) (Reissue 1984). Resolution of this appeal therefore hinges on whether the record establishes the existence of condition (2)(d) of § 53-132. The following summary of the evidence on that issue is organized in the order in which the factors to be considered in making that determination are listed in § 53-132(3).

The city's recommended denial was influenced by its conviction that there already existed a sufficient number of liquor licenses in the city, that liquor sales should be a distinct and separate business operated apart from other business activities, and that issuing the license in question would set a precedent in contravention of the aforementioned separate and distinct policy. At the commission hearing, the city also introduced the results of a public opinion poll which, among other things, reported that within a 5 percent degree of error, 75 percent of those with an opinion were of the view that the city had enough off-sale liquor outlets, 73 percent thought "gas stations, grocery stores, discount stores, drug stores and convenience stores" should not be allowed to sell alcoholic beverages, and 68 percent said convenience stores should not be allowed to sell beer.

Without deciding whether the citizens' protests were of the type contemplated by the applicable law, we note that four citizens voiced objections to the issuance of the subject license.

It is undisputed that the city is growing. It had a population of 19,500 at the time of the 1980 census and projected a 22,500 population by 1990 and 24,500 by 1995.

The premises in question are located on highway frontage property in a commercial and business district. There exists in the general vicinity of the premises but one liquor license, located approximately 290 feet from the Gas 'N Shop location. That license permits the sale of all types of liquors in their original packages for consumption on or off the licensed premises. A total of 37 liquor licenses exist in the city; none is of the type sought here. Of the outstanding licenses, 28 are of the type just described, 5 permit the sale in their original packages

of all types of liquors for consumption off the licensed premises, 2 allow the sale of beer for consumption on the premises, 1 permits the sale of all types of alcoholic beverages for consumption on the premises, and 1 permits the sale of beer and wine only for consumption on the premises. The holders of two of the outstanding licenses are not currently operating liquor businesses. The record also shows that during the period between 1986 and 1989, the number of licenses permitting off-premises consumption was reduced by one.

According to the Nebraska Department of Roads, 4,575 vehicles pass the location in question daily. The city did not contest Gas 'N Shop's assertion that the addition of a liquor license to its operation will not materially increase the flow of either vehicular or pedestrian traffic.

While the city is concerned about whether it has a sufficient police presence to deal with more liquor licenses, the chief of police acknowledges that Gas 'N Shop has a good record with respect to operating its current liquor licenses within the law. Nonetheless, he is anxious about the potential for further police demands. However, Gas 'N Shop has in place an education program which familiarizes its employees with the liquor laws and regulations, and it trains them in identifying would-be third-party, underage, or intoxicated purchasers. Moreover, it rewards employees who recognize, apprehend, or assist in the prosecution of those attempting to violate the liquor laws and discharges employees who fail to conduct necessary age and identification checks.

Except for the city's aversion to permitting the sale of liquor with other merchandise, the record documents no zoning restrictions which would preclude the issuance of the license in question. Neither does the record reveal anything derogatory about the sanitation or sanitary conditions of the subject premises.

The foregoing evidence does not establish that granting the license sought would be other than in the public interest. The results of the public opinion poll have no more bearing on the legal issues presented by the application than does the city's aversion to the type of license requested or its policy disfavoring the placing of liquor licenses in businesses which sell other

things. Neither is the city's concern over a potential lack of law enforcement personnel persuasive; there are adequate procedures in place to revoke licensed businesses which do not operate within the law. Nor does the city's belief that there are sufficient licenses in existence, standing alone, justify the denial of an otherwise valid application. *McChesney v. City of No. Platte*, 216 Neb. 416, 343 N.W.2d 925 (1984), *overruled on other grounds, R.D.B., Inc. v. Nebraska Liquor Control Comm.*, 229 Neb. 178, 425 N.W.2d 884 (1988). See, also, *Halbert v. Nebraska Liquor Control Commission*, 206 Neb. 687, 294 N.W.2d 864 (1980) (limiting number of liquor licenses must be related in some manner with furthering law and order and well-being of general public).

We thus conclude the record establishes that issuance of the license will serve the present or future public convenience and necessity. Gas 'N Shop receives repeated and ongoing requests for the sale of beer at the location in question by customers who prefer to make multiple purchases with a single stop and by those who prefer to make beer purchases in the environment provided by a convenience store rather than at a full-service liquor outlet. Thus, the record satisfies condition (2)(d) of § 53-132.

Accordingly, we reverse the judgment of the district court and remand the cause with the direction that the district court order the commission to grant Gas 'N Shop's application and issue the license sought.

REVERSED AND REMANDED WITH DIRECTION.