GAS 'N SHOP, INC., APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION AND CITY OF NORFOLK, APPELLEES.

492 N.W.2d 15

Filed November 13, 1992.   No. S-90-217.

Donald L. Dunn and Carl J. Sjulin, of Rembolt Ludtke Parker & Berger, for appellant.

Don Stenberg, Attorney General, and Marie C. Pawol, and, on brief, Edwin C. Perry and Gregory H. Perry, of Perry, Guthery, Haase & Gessford, P.C., for appellee Liquor Control Commission.

David H. Ptak, of Ptak & Schukei, P.C., for appellee City of Norfolk.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

As in *Gas 'N Shop v. Nebraska Liquor Control Comm., ante* p. 905, 492 N.W.2d 12 (1992) (case No. S-90-216), the appellee Nebraska Liquor Control Commission, acting in accordance with the recommendation of the appellee City of Norfolk, denied the appellant Gas 'N Shop's application for a license permitting it to sell beer at retail within the city's corporate limits for consumption away from the existing convenience store premises sought to be licensed. Upon appeal thereto by Gas 'N Shop, the district court affirmed. In its appeal to this court, Gas 'N Shop assigns as error the district court's failure to find the commission's order to be arbitrary and capricious. We reverse, and remand with direction.

Here, too, Gas 'N Shop initiated its appeal to the district court on March 17, 1989. Thus, again for the reasons articulated in *Gas 'N Shop v. Nebraska Liquor Control Comm., ante* p. 898, 492 N.W.2d 7 (1992) (case No. S-90-158), released today, the commission's claim that Gas 'N Shop invoked the jurisdiction of the wrong district court fails. This appeal, too, for the reasons stated in the last mentioned opinion, is controlled by the substantive law applied therein, and the scope of our review is de novo on the record.

Except for the evidence which relates to the location of the premises in question as outlined hereinafter, the evidence in this case is the same as that summarized in *Gas 'N Shop v. Nebraska Liquor Control Comm., ante* p. 905, 492 N.W.2d 12 (1992) (case No. S-90-216).

The location is in a commercial and business district. According to the Nebraska Department of Roads state highway count, 3,500 vehicles pass the location daily. Within a $1/2$-mile radius of the site, there are four licenses which permit the sale in their original packages of all types of liquors for consumption either on or off the premises, two licenses allow the sale of all types of alcoholic liquors for consumption off the premises, one permits the sale of beer only for consumption on the premises, and one permits the sale of beer and wine for consumption on the premises. However, the last described license is held by a restaurant which closed for business prior to the commission's hearing herein.

These differences do not warrant a conclusion other than that the conditions specified in Neb. Rev. Stat. § 53-132(2)(a), (b), (c), and (d) (Reissue 1984) have been met and that Gas 'N Shop's application should therefore be granted.

Accordingly, we reverse the judgment of the district court and remand the cause with the direction that the district court order the commission to issue the license sought.

REVERSED AND REMANDED WITH DIRECTION.