CONTEMPORARY INDUSTRIES MID-AMERICA, INC., DOING BUSINESS AS 7-ELEVEN, APPELLEE, V. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE, AND CITY OF NORFOLK, NEBRASKA, APPELLANT.

500 N.W.2d 525

Filed April 29, 1993.   Nos. S-90-943, S-90-944, S-90-945.

David H. Ptak, of Ptak & Schukei, P.C., for appellant.

Michael L. Lazer, of Levy & Lazer, P.C., for appellee Contemporary Industries Mid-America.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

These three cases are appeals by the City of Norfolk, Nebraska, from the judgment of the district court reversing orders of the Nebraska Liquor Control Commission and directing the commission to issue licenses to the applicant, Contemporary Industries Mid-America, Inc. (CIMA).

CIMA owns and operates three 7-Eleven stores in Norfolk. On February 21, 1989, CIMA filed applications for class B liquor licenses for the three stores. A class B license permits the sale of beer only, in its original package, for off-premises consumption. Neb. Rev. Stat. § 53-124(5)(B) (Reissue 1988). A hearing on the applications was held before the Norfolk City Council on March 27, 1989. After the hearing, the council passed a resolution recommending denial of CIMA's applications.

In accordance with the city's recommendation, the commission denied the licenses to CIMA. In each of its orders, the commission found that CIMA complied with the first three parts of Neb. Rev. Stat. § 53-132(2) (Reissue 1984), which governs the issuance of liquor licenses. However, the commission determined that CIMA did not meet the requirements of subsection (2)(d) of § 53-132 and stated that the issuance of the licenses was not required for "the present or future public convenience and necessity." See *id*. In each case, the commission based this finding "upon the following specific findings of fact": (1) "[t]he local governing body's recommendation of denial" and (2) "[t]he local governing body's consistent policy of not approving licenses to this type of establishment."

The Lancaster County District Court reversed the decisions of the commission on appeal. After reviewing the proceedings before the Norfolk City Council and the commission, the district court held that the findings of the commission that the issuance of each license sought by CIMA was not required by the present or future public convenience and necessity were unsupported by competent, material, and substantial evidence

in view of the entire record and were therefore arbitrary and capricious. The commission was ordered to issue the three licenses to CIMA.

These appeals were filed during a "window" period in which license applications and appeals were governed by statutory law as it existed prior to the 1986 legislation held unconstitutional in *Bosselman, Inc. v. State*, 230 Neb. 471, 432 N.W.2d 226 (1988). Subsequent liquor control legislation, specifically 1989 Neb. Laws, L.B. 781, has also recently been declared unconstitutional by this court. See *Kwik Shop v. City of Lincoln, ante* p. 178, 498 N.W.2d 102 (1993). Our decision in these cases is controlled by the decisions in the recent similar cases *B & R Stores v. Nebraska Liquor Control Comm.*, 242 Neb. 763, 497 N.W.2d 654 (1993); *Hy-Vee Food Stores v. Nebraska Liquor Control Comm.*, 242 Neb. 752, 497 N.W.2d 647 (1993); and *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 241 Neb. 898, 492 N.W.2d 7 (1992). Decisions of the Nebraska Liquor Control Commission are reviewed first by appeal to the district court. Our scope of review on appeals of this type from the district court is de novo on the record. See, *Hy-Vee Food Stores, supra*; *Gas 'N Shop, supra*.

Our review in these cases is limited to the record that was made before the commission, including the testimony and exhibits from the Norfolk City Council hearing. The qualifications to be met by a license applicant are provided in § 53-132. This statute provides in relevant part:

> (2) A retail license . . . shall be issued to any qualified applicant if it is found by the commission that (a) the applicant is fit, willing, and able to properly provide the service proposed within the city . . . where the premises described in the application are located, (b) the applicant can conform to all provisions, requirements, rules, and regulations provided for in the Nebraska Liquor Control Act, (c) the applicant has demonstrated that the type of management and control exercised over the licensed premises will be sufficient to insure that the licensed business can conform to all provisions, requirements, rules, and regulations provided for in the Nebraska Liquor Control Act, and (d) the issuance of the license is

or will be required by the present or future public convenience and necessity.

(3) In making its determination pursuant to subsection (2) of this section the commission shall consider:

(a) The recommendation of the local governing body;

(b) The existence of a citizens' protest made in accordance with section 53-133;

(c) The existing population of the city . . . and its projected growth;

(d) The nature of the neighborhood or community of the location of the proposed licensed premises;

(e) The existence or absence of other retail licenses . . . with similar privileges within the neighborhood or community of the location of the proposed licensed premises;

(f) The existing motor vehicle and pedestrian traffic flow in the vicinity of the proposed licensed premises;

(g) The adequacy of existing law enforcement;

(h) Zoning restrictions;

(i) The sanitation or sanitary conditions on or about the proposed licensed premises; and

(j) Whether the type of business or activity proposed to be operated in conjunction with the proposed license is and will be consistent with the public interest.

We agree with the findings of the commission that CIMA has met the conditions in § 53-132(2)(a), (b), and (c). Thus, we must determine whether CIMA has met the conditions in subsection (2)(d) of the statute. To do this, we must apply the evidence to the factors listed in § 53-132(3).

Our analysis in these cases is very similar to that made in the recent case *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 241 Neb. 905, 492 N.W.2d 12 (1992). In *Gas 'N Shop*, this court also considered an application for a liquor license in the City of Norfolk. The evidence presented in *Gas 'N Shop* is substantially similar to the evidence presented in the present case. In fact, the findings of the Norfolk City Council recommending denial of the liquor licenses were identical to the findings in these cases. As was stated in *Gas 'N Shop*:

The city's recommended denial was influenced by its

conviction that there already existed a sufficient number of liquor licenses in the city, that liquor sales should be a distinct and separate business operated apart from other business activities, and that issuing the license in question would set a precedent in contravention of the afore-mentioned separate and distinct policy.

241 Neb. at 907, 492 N.W.2d at 13.

Evidence introduced at the commission hearing in *Gas 'N Shop* which was also introduced at the commission hearing in the present cases included a public opinion poll which showed that a majority of the Norfolk citizens polled were of the view that the city had enough off-sale liquor outlets and that convenience stores should not be allowed to sell alcoholic beverages. Undisputed evidence that the population of the City of Norfolk is increasing was also admitted.

All three of the 7-Eleven stores involved in these cases are located on major east-west thoroughfares in the City of Norfolk. All are located in commercial and business districts.

Evidence was introduced at the hearing before the commission with regard to the existing liquor licenses in the Norfolk area. Of the outstanding licenses, 28 permit the sale of all types of alcoholic liquors in their original packages for consumption on or off the licensed premises, 5 permit the sale in their original packages of all types of alcoholic liquors for consumption off the licensed premises, 2 allow the sale of beer for consumption on the premises, and 1 permits the sale of all types of alcoholic beverages for consumption on the premises. Within a 1-mile radius of the 7-Eleven store located at 101 Norfolk Avenue, there are eight licenses which permit the sale of all types of alcoholic liquors in their original packages for consumption either on or off the premises. Within a 1-mile radius of the 7-Eleven located at 101 Omaha Avenue, there are three licenses of the type just described. Within a 1-mile radius of the 7-Eleven located at 1220 Benjamin, there are four licenses which permit the sale of all types of alcoholic liquors in their original packages for consumption on or off the premises, two licenses that permit the sale of all types of alcoholic liquors in their original packages for consumption off the premises, and one license that permits the sale of beer only for consumption

on the premises. At the time of the hearing before the commission, there were no class B liquor licenses, the type sought by CIMA, in the City of Norfolk.

Several church groups sent signed petitions to the commission protesting the issuance of the liquor licenses; however, there is no evidence of a citizens' protest as contemplated by § 53-132(3)(b).

All three of the 7-Eleven stores are located in well-traveled areas. At least 8,545 and as many as 12,666 vehicles pass the various 7-Eleven locations on a daily basis. However, there is nothing in the record that indicates the level of traffic would increase should the licenses be granted.

As in *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 241 Neb. 905, 492 N.W.2d 12 (1992), the chief of police of Norfolk expressed concern that there would be a potential for a lack of sufficient law enforcement should the liquor licenses be granted. However, no evidence was introduced that supported this concern. In contrast to the concern over the potential for adequate law enforcement, CIMA offered evidence of its education program for its employees that deals with applicable liquor laws. The mandatory program is designed to teach 7-Eleven employees techniques designed to prevent the sale of alcoholic beverages to minors. The program also informs the public of the stores' policy of checking ages of customers seeking to purchase alcoholic beverages.

The City of Norfolk argues that the 7-Eleven located at 101 Omaha Avenue is 210 feet from the nearest wall of a Norfolk school, in violation of a local ordinance which prohibits the sale of alcoholic liquor within 300 feet of a school. However, Neb. Rev. Stat. § 53-177 (Reissue 1988), with certain exceptions, permits a liquor license to be issued for the sale at retail of any alcoholic liquor more than 150 feet from any church, school, hospital, or home for the aged. The authority of a city to regulate by ordinance the business of a retail licensee is limited to provisions not inconsistent with the Nebraska Liquor Control Act. Neb. Rev. Stat. § 53-147 (Reissue 1988).

The city ordinance in question is ineffective because it is inconsistent with the provisions of the Nebraska Liquor Control Act. There is no other evidence in the record that

indicates any other restrictions would preclude the issuance of the liquor licenses. Further, the record contains nothing that indicates a problem with the sanitation or sanitary conditions on or about the licensed premises.

As in *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 241 Neb. 905, 492 N.W.2d 12 (1992), we conclude that the foregoing evidence does not establish that granting the licenses sought would be other than in the public interest. The 7-Eleven stores owned and operated by CIMA have had repeated requests from their customers to sell beer. The record in this case establishes that the conditions of subsection (2)(d) of § 53-132 are satisfied and that the issuance of the liquor licenses will serve the present or future public convenience and necessity. The district court correctly reversed the decisions of the commission. The judgment of the district court is affirmed.

AFFIRMED.