AMERICAN DRUG STORES, INC., DOING BUSINESS AS OSCO DRUG, APPELLANT, V. CITY OF LINCOLN, NEBRASKA, APPELLEE.

501 N.W.2d 278

Filed June 4, 1993.    Nos. S-90-1248, S-90-1249, S-90-1250.

Charles D. Humble and David A. Hecker, of Erickson & Sederstrom, P.C., for appellant.

William F. Austin, Lincoln City Attorney, and Joel D. Pedersen for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

These three cases, consolidated for argument, are appeals from the district court in an error proceeding which sustained the action of the city council of the City of Lincoln (City) in denying three of the four applications for liquor licenses filed by American Drug Stores, Inc., doing business as Osco Drug (Osco), under Neb. Rev. Stat. § 53-101 et seq. (Reissue 1988 & Cum. Supp. 1990). On January 22, 1990, in a consolidated hearing, the City denied each of Osco's four class D liquor license applications (for Osco locations at 233 N. 48th Street, 5500 S. 56th Street, 130 N. 66th Street, and 1401 Superior Street in Lincoln, Nebraska). A class D liquor license permits the sale of beer and alcoholic liquor for consumption off the premises only. See Neb. Rev. Stat. § 53-124(5) (Reissue 1988).

Osco asserts that it was diligent in proving each of the 20 criteria listed in Neb. Rev. Stat. § 53-134(2)(a) through (t) (Cum. Supp. 1990). However, although the district court based its decision on § 53-134 and Osco does not challenge that section, the fact remains that it was amended as a part of 1989 Neb. Laws, L.B. 781, which was held unconstitutional in *Kwik Shop v. City of Lincoln, ante* p. 178, 498 N.W.2d 102 (1993). Accordingly, we determine these appeals on the basis of § 53-132 (Reissue 1984). See *Contemporary Indus. v. Nebraska Liq. Control Comm., ante* p. 345, 500 N.W.2d 525 (1993). Although these cases were reviewed by an error proceeding, it is now necessary that we consider them as appeals and review them de novo on the record. See *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 241 Neb. 898, 492 N.W.2d 7 (1992).

The City denied each of Osco's liquor license applications based upon the same five subsections of § 53-134(2), finding (1) that the existing law enforcement resources and services were inadequate; (2) that the police department had issued a negative recommendation for the proposed licenses; (3) that the existing population of the City and the proposed population growth within the area to be served, in each case, were inadequate to support the proposed licenses; (4) that the existing licenses and the class of such licenses all within a 1-mile radius of the proposed locations were adequately serving the area; and (5) that in each case, the area from which the alcoholic liquor was

proposed to be displayed, kept, and sold was not reasonably secured. The City additionally determined that Osco had not demonstrated that the issuance of the licenses was consistent with promoting the health, safety, and welfare of the people of the City.

In the proceedings below, the district court sustained the denial of three of the licenses and overturned the denial of one of the licenses, ordering that the City grant a license for Osco's 1401 Superior Street location. In affirming the denial of the three licenses by the City, the district court rejected the first three and last two findings of the City and held that only the finding that the existing licenses within a 1-mile radius from the proposed locations were adequately serving the areas "is supported by at least 'some competent evidence.' " Osco appeals the three remaining liquor license denials. There has been no cross-appeal by the City.

As previously stated, in deciding these cases we must turn to § 53-132. That section provides in part as follows:

(2) A retail license . . . shall be issued to any qualified applicant if it is found by the commission that (a) the applicant is fit, willing, and able to properly provide the service proposed within the city . . . where the premises described in the application are located, (b) the applicant can conform to all provisions, requirements, rules, and regulations provided for in the Nebraska Liquor Control Act, (c) the applicant has demonstrated that the type of management and control exercised over the licensed premises will be sufficient to insure that the licensed business can conform to all provisions, requirements, rules, and regulations provided for in the Nebraska Liquor Control Act, and (d) the issuance of the license is or will be required by the present or future public convenience and necessity.

(3) In making its determination pursuant to subsection (2) of this section the commission shall consider:

(a) The recommendation of the local governing body;

(b) The existence of a citizens' protest made in accordance with section 53-133;

(c) The existing population of the city . . . and its

projected growth;

    (d) The nature of the neighborhood or community of the location of the proposed licensed premises;

    (e) The existence or absence of other retail licenses . . . with similar privileges within the neighborhood or community of the location of the proposed licensed premises;

    (f) The existing motor vehicle and pedestrian traffic flow in the vicinity of the proposed licensed premises;

    (g) The adequacy of existing law enforcement;

    (h) Zoning restrictions;

    (i) The sanitation or sanitary conditions on or about the proposed licensed premises; and

    (j) Whether the type of business or activity proposed to be operated in conjunction with the proposed license is and will be consistent with the public interest.

We therefore review the record with those criteria in mind.

The record is clear that American Drug Stores (which operates and maintains both Osco and Sav-On Drugs in the Midwest) operates 670 drugstores in 26 states, 580 of which hold liquor licenses. It has in effect in those locations from which alcoholic liquor is now sold detailed rules and regulations, including a cashier handbook, regarding the safe and lawful sale of such beverages. It is clear from the record that Osco's application satisfies the conditions set forth in § 53-132(2)(a), (b), and (c). There is absolutely no evidence to support the City's finding that "the area in which the alcoholic liquor was proposed to be displayed and kept in and sold from was not reasonably secured."

The last statutory requirement for the issuance of a liquor license is subsection (2)(d) of § 53-132, which requires that "the issuance of the license is or will be required by the present or future public convenience and necessity."

An applicant for a liquor license has the burden of showing that the issuance of the license is or will be required by the present or future public convenience and necessity. § 53-132; *Richards v. Neb. Liq. Control Comm.*, 221 Neb. 542, 378 N.W.2d 667 (1985), *overruled on other grounds, R.D.B., Inc. v. Nebraska Liquor Control Comm.*, 229 Neb. 178, 425 N.W.2d

884 (1988); *Kerrey's, Inc. v. Neb. Liquor Control Comm.*, 213 Neb. 442, 329 N.W.2d 364 (1983).

The evidence presented by Osco in the form of the City's "circle maps" demonstrated only that its proposed locations were found in well-populated areas and that the proposed 56th Street location had only two package liquor stores within the 1-mile radius, while the 66th Street and 48th Street locations each had three retail alcoholic liquor outlets within a 1-mile radius. The City's evidence disclosed that the population of Lincoln had grown from 128,521 in 1960 to an estimated 185,500 by 1987, with a projected growth rate of 1 percent per year. The affidavit of the clerk for the City showed that all retail liquor licenses had increased from 94 in 1960 to 221 as of 1989.

Although we may note the official published opinions of this court, neither Osco nor the City at the time these proceedings were held could have known of this court's affirmance of the district court's reversal of the denial of four licenses by the Nebraska Liquor Control Commission found in *Hy-Vee Food Stores v. Nebraska Liquor Control Comm.*, 242 Neb. 752, 497 N.W.2d 647 (1993); the affirmance of the district court's reversal of the denial of four licenses by the Nebraska Liquor Control Commission found in *B & R Stores v. Nebraska Liquor Control Comm.*, 242 Neb. 763, 497 N.W.2d 654 (1993); the reversal of the district court's judgment and the ordering of the granting of 10 licenses in *Kwik Shop v. City of Lincoln*, 243 Neb. 178, 498 N.W.2d 102 (1993); and the reversal of the district court's judgment and the ordering of the granting of two licenses in a memorandum opinion, *Gas 'N Shop v. City of Lincoln, ante* p. xvii (cases Nos. S-91-099, S-92-424, Apr. 28, 1993).

The opinions in *Hy-Vee Food Stores v. Nebraska Liquor Control Comm.*, *B & R Stores v. Nebraska Liquor Control Comm.*, and *Kwik Shop v. City of Lincoln* and the memorandum opinion in *Gas 'N Shop v. City of Lincoln* indicate that in the first case, over 650 consumers supported the issuance of the licenses; in the next case, over 4,000 signatures of people favoring issuance of the four licenses were in the record; and in the last two cases, apparently there was evidence that many people feel less comfortable buying off-sale beer at a

local tavern or a full-service liquor store than at a convenience store, or that some customers prefer purchasing beer at the same time they purchase other commodities offered by convenience stores.

The record in these cases discloses no similar factors relating to the public convenience and necessity. Osco has failed to meet its burden of establishing that the issuing of these licenses is or will be required by the present or future public convenience and necessity. The district court was correct in affirming the denial of the licenses, and its judgment is affirmed.

AFFIRMED.

WHITE and LANPHIER, JJ., not participating.