B & R STORES, INC., A NEBRASKA CORPORATION, DOING BUSINESS AS B & R IGA, APPELLEE, v. CITY OF LINCOLN, NEBRASKA, APPELLANT.
B & R STORES, INC., A NEBRASKA CORPORATION, DOING BUSINESS AS SUPER SAVER II, APPELLEE, v. CITY OF LINCOLN, NEBRASKA, APPELLANT.
511 N.W.2d 101

Filed February 4, 1994.    Nos. S-91-1106, S-91-1107.

William F. Austin, Lincoln City Attorney, and Dana W. Roper for appellant.

Paul J. Peter, of Bruckner, O'Gara, Keating, Hendry, Davis & Nedved, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

BOSLAUGH, J.

Pursuant to separate applications, the appellee, B & R Stores, Inc. (B & R), sought class D liquor licenses for grocery stores located at 2662 Cornhusker Highway and 1709 Washington Street in Lincoln. Proceeding under Neb. Rev. Stat. § 53-132 (Cum. Supp. 1990), the city council of the City of Lincoln conducted a hearing on the applications on October 2, 1989, and by separate resolutions disapproved the applications. B & R then sought a review of the city council's denial of its applications by filing petitions in error in the district court in accordance with § 53-132 and Neb. Rev. Stat. §§ 25-1901 to 25-1908 (Reissue 1989). The district court reversed the city's denial of the liquor licenses and separately ordered the issuance of the licenses to B & R. The City of Lincoln now appeals from those orders.

The district court based its decisions in these cases upon Neb. Rev. Stat. § 53-134 (Cum. Supp. 1990). That section, as amended by 1989 Neb. Laws, L.B. 781, was determined to be unconstitutional in *Kwik Shop v. City of Lincoln*, 243 Neb. 178, 498 N.W.2d 102 (1993). Consequently, we determine these consolidated appeals on the basis of § 53-132 (Reissue 1984). See, *American Drug Stores v. City of Lincoln*, 243 Neb. 548, 501 N.W.2d 278 (1993); *Contemporary Indus. v. Nebraska Liq. Control Comm.*, 243 Neb. 345, 500 N.W.2d 525 (1993). Although the district court reviewed B & R's liquor license applications by an error proceeding, we now treat the cases as appeals and review the applications de novo on the record. See,

*American Drug Stores v. City of Lincoln, supra*; *Kwik Shop v. City of Lincoln, supra*. See, also, *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 241 Neb. 898, 492 N.W.2d 7 (1992).

We first note that B & R presently holds, and did hold at the time of filing its applications for the licenses at issue here, liquor licenses at locations directly abutting the two grocery store locations involved in this appeal. These liquor establishments are operated as separate businesses from the grocery stores. Initially, B & R sought merely to expand the defined locations covered by the liquor licenses which it now holds to include the grocery stores. This would allow grocery customers to access the liquor stores during the course of their grocery shopping and to purchase beer and alcoholic liquor through the grocery checkout counters rather than purchasing only groceries, then reentering the abutting liquor establishments and purchasing beer and alcoholic liquor separately. However, the city denied B & R's requests to expand the areas covered by its existing licenses, so in order to obtain the desired expansion of the areas covered by the licenses, B & R was left only with the option of applying for new licenses. See, *City of Lincoln v. Nebraska Liquor Control Comm.*, 208 Neb. 630, 304 N.W.2d 922 (1981); *City of Lincoln v. Nebraska Liquor Control Commission*, 181 Neb. 277, 147 N.W.2d 803 (1967). Nevertheless, we point out that in reality, the effect of approving B & R's applications would only be to expand the areas covered by the two existing class D liquor licenses presently held by B & R, and not to increase the number of outstanding liquor licenses.

Section 53-132 (Reissue 1984) states in relevant part:

(2) A retail license . . . shall be issued to any qualified applicant if it is found by the commission that (a) the applicant is fit, willing, and able to properly provide the service proposed within the city . . . where the premises described in the application are located, (b) the applicant can conform to all provisions, requirements, rules, and regulations provided for in the Nebraska Liquor Control Act, (c) the applicant has demonstrated that the type of management and control exercised over the licensed premises will be sufficient to insure that the licensed business can conform to all provisions, requirements,

rules, and regulations provided for in the Nebraska Liquor Control Act, and (d) the issuance of the license is or will be required by the present or future public convenience and necessity.

(3) In making its determination pursuant to subsection (2) of this section the commission shall consider:

(a) The recommendation of the local governing body;

(b) The existence of a citizens' protest made in accordance with section 53-133;

(c) The existing population of the city . . . and its projected growth;

(d) The nature of the neighborhood or community of the location of the proposed licensed premises;

(e) The existence or absence of other retail licenses or bottle club licenses with similar privileges within the neighborhood or community of the location of the proposed licensed premises;

(f) The existing motor vehicle and pedestrian traffic flow in the vicinity of the proposed licensed premises;

(g) The adequacy of existing law enforcement;

(h) Zoning restrictions;

(i) The sanitation or sanitary conditions on or about the proposed licensed premises; and

(j) Whether the type of business or activity proposed to be operated in conjunction with the proposed license is and will be consistent with the public interest.

Our review of the record shows that with respect to each application at issue here, B & R has met the license issuance criteria set forth in § 53-132 (Reissue 1984). Nevertheless, in separate but similarly worded resolutions, the Lincoln City Council disapproved the applications and enumerated the reasons for its decisions. Those resolutions state:

5. The City Council determined that the type of business or activity proposed to be operated or presently operated in conjunction with the proposed license would not be consistent with the public interest as the application and evidence presented indicated that the business would not comply with Lincoln Municipal Code § 6.08.100 pertaining to separate and distinct business activity. . . .

. . . .

7. The City Council determined that the applicant had failed to demonstrate compliance with present municipal ordinances specifically § 6.08.100 of the Lincoln Municipal Code.

In reversing the Lincoln City Council's disapproval of each of B & R's applications, the district court stated:

A predominant reason for denying the application was the conclusion of the Lincoln City Council that the applications would not comply with Lincoln Municipal Code §6.08.100 pertaining to separate and distinct business activity. That section was found to be unconstitutional by the District Court of Lancaster County, Nebraska in the case of Gas 'N Shop v. City of Lincoln, et al., Docket 435, Page 76. The ordinance has since been repealed by the City.

In these appeals, the City of Lincoln acknowledges that its "separate and distinct" ordinance has been declared unconstitutional and does not assert that the ordinance provides sufficient grounds for denying the licenses sought by B & R.

Also listed in the Lincoln City Council's resolutions as a basis for denying B & R's license applications was the recommendation by Lincoln chief of police Allen Curtis. However, that recommendation was premised upon Curtis' opinion of the merits of Lincoln's "separate and distinct" ordinance and was not otherwise supported by competent evidence. Consequently, the police chief's recommendation fails to support the city's disapproval of B & R's license applications. See *Hy-Vee Food Stores v. Nebraska Liquor Control Comm.*, 242 Neb. 752, 497 N.W.2d 647 (1993) (City of Lincoln's reliance upon its "separate and distinct" ordinance to deny liquor license applications was inappropriate).

The Lincoln City Council's resolutions also list a number of additional reasons for disapproving the B & R applications, including the absence of adequate law enforcement services in the areas; the existence of a sufficient number of liquor licenses to serve the areas; inadequate security in sales and display areas of the grocery stores where liquor was to be sold; and

inconsistency with the promotion of the health, safety, and welfare of Lincoln residents. Such findings are unsupported by the record and are particularly fallacious in light of the existence of liquor licenses now held by B & R for contiguously located establishments. In these cases, the denial of B & R's applications would accomplish nothing more than to prevent consumers from more conveniently purchasing beer, wine, and alcoholic liquor from existing liquor outlets.

Because B & R has met the license issuance criteria set forth in § 53-132 (Reissue 1984), the decisions of the district court ordering the approval and issuance of the licenses sought by B & R are affirmed.

AFFIRMED.