CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION AND KABREDLO'S, INC., DOING BUSINESS AS KABREDLO'S, APPELLEES.

612 N.W.2d 252

Filed June 20, 2000.    No. A-99-574.

Dana W. Roper, Lincoln City Attorney, and Joel D. Pedersen for appellant.

Jennifer S. Liliedahl, of Bowman & Krieger, for appellees.

IRWIN, Chief Judge, and SIEVERS and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

This is an appeal by the City of Lincoln, Nebraska (City), from an order of the district court for Lancaster County affirming a decision of the Nebraska Liquor Control Commission (Commission) to grant Kabredlo's, Inc., doing business as Kabredlo's, a retail class B liquor license in the City. The district court held that the Commission had properly considered the relevant criteria of Neb. Rev. Stat. § 53-132(3) (Reissue 1984) and that the Commission's decision was not arbitrary and unreasonable.

## BACKGROUND

Kabredlo's convenience store located in the B-3 zoning district at 338 North 27th Street in Lincoln, Nebraska, applied to the City for a special use permit "under section 27 of the

Lincoln Municipal Code" to sell beer at that location for off-premises consumption. Lincoln Mun. Code § 27.63.685 (1994) provides that a special use permit is required in order for businesses located in B-3 zoning districts and various other zoning districts to sell alcoholic beverages for off-premises consumption. Subsection (c) requires a 100-foot separation from residential districts or uses when a business is seeking the special use permit. The section does, however, allow for mitigation of the 100-foot requirement through fences or landscaping, for example, or waiver by the Lincoln City Council. Kabredlo's is surrounded on three sides by residential uses or zoning, and its location does not allow for the required 100-foot buffer between the store and those residential uses.

Kabredlo's special use permit application was first reviewed by the Lincoln/Lancaster County Planning Commission. The planning commission staff prepared a report on various aspects of Kabredlo's 27th Street store site. The report indicated that the main access to Kabredlo's is from 27th Street through an east-west alley. The report suggested that customers living to the east or south would most likely use the alley system for access, as P and Q Streets (both east-west streets) are closed off at 27th Street, forcing traffic to use O or R Street.

On September 11, 1996, in accordance with the recommendation of the planning commission's staff, the planning commission voted to recommend denial of the special use permit. The record before the planning commission included testimony from three individuals in opposition, three opposing letters, and a petition in opposition with more than 30 signatures. The planning commission's findings stated:

> A. The proposal does not conform to the requirements of subsection "c" of Section 27.63.685 [of the Lincoln Municipal Code], which requires a 100 foot separation from residential districts or uses. This is the first Liquor Special Permit application we have had that is sided by residential uses or districts on three sides, and the first that cannot fence or otherwise mitigate the boundary with those uses or districts.

The planning commission's findings also indicated a concern with traffic impacts brought about by P and Q Streets, which are

closed off at 27th Street; heavy use of residential alleys to access the site; upkeep of the dirt alley; and the fact that the site was identified as a high crime location by the police, who did not support adding alcohol sales to the site.

Kabredlo's testified at the planning commission that there would be no floor displays with liquor and just "two doors of liquor" for variety and for the convenience of its customers, many of whom were pedestrians. The store hours at that time were 8 a.m. to 10 p.m. Kabredlo's proposed adding rock to the alley to help with traffic concerns. Formerly, there had been a smaller store at the address, which was demolished. A new, larger store had been built prior to the hearing before the planning commission. Kabredlo's indicated that it would be easier to control shoplifting in the new facility, lessening the need for Kabredlo's to call the police. Kabredlo's argued that the employee parking lot in back of the building could act as somewhat of a buffer between the store and residential uses and pointed out that there were bushes and trees on the other "residential" sides.

Kabredlo's special use permit application was reviewed by the city council during a public hearing on September 30, 1996. At this hearing, Kabredlo's again indicated that the store would put down gravel in the alley and that it was willing to work with the City's public works department on any suggested improvements for keeping the alley passable. Kabredlo's did not feel that adding liquor sales would increase traffic, as most of its customers were pedestrians. It asked the city council to waive the 100-foot buffer requirement as allowed under the city code. Finally, as to crime, Kabredlo's indicated that it had an education program for employees on alcohol sales and that it was active in reporting shoplifting and other concerns, both inside and outside of the store, to the police. The city council had the planning commission fact sheet available for review. At the close of the hearing, the city council voted to deny Kabredlo's special use permit application.

Although Kabredlo's lacked the required special use permit, Kabredlo's applied to the Commission for a retail class B liquor license on July 31, 1997. The city council held a public hearing to determine whether it would support the liquor license appli-

cation. Following the public hearing on August 25, 1997, the City recommended to the Commission that Kabredlo's liquor license application be denied. The City, in resolution No. A-78313, listed the following reasons for its recommendation of denial: (1) The existing population and the projected population growth of the city and within the area to be served were inadequate to support the proposed license; (2) existing licenses were adequately serving the area; (3) issuance of the license would not be compatible with the nature of the neighborhood; (4) the applicant had not demonstrated the propriety of issuing the license; (5) the license would not be required by the present or future public convenience and necessity; and (6) the special permit under § 27.63.685 for the location was denied, and, therefore, the approval of the application would violate the zoning restriction of the City.

The City's recommendation for denial triggered the requirement in Neb. Rev. Stat. § 53-133 (Reissue 1984) for a hearing before the Commission. The hearing before the Commission was held on November 6, 1997, and testimony was presented by Kabredlo's and the City, addressing the main points from the city council resolution of August 25. The records from the prior hearings on Kabredlo's application for a special use permit and the city council hearing on Kabredlo's liquor license application were all admitted as exhibits before the Commission.

In discussing the 100-foot buffer, Kabredlo's pointed out that the store faces onto 27th Street, rather than into any of the residences. Also, the house to the north is not always occupied, and since the time of the special use permit denial, a fence has been erected along this boundary. Kabredlo's again pointed out that to the east is an alley and the employee parking lot, occasionally used by customers. None of the residences in this direction face the store. Kabredlo's argued that these properties were also lined with bushes and trees, creating somewhat of a barrier. Finally, to the southeast is the alley, again buffered by trees and bushes, with no direct entrance to a house from that direction. The City argued that landscaping would not be effective mitigation in this situation; that the fence was not effective because the house to the north was an elevated, two-story house; and that it was not possible to fence the store off from the alley.

Kabredlo's presented a petition to the Commission with 253 signatures in support of having alcohol sold at the 27th Street location. Kabredlo's argued that the petition with 33 opposing signatures presented to the planning commission was solicited by the owner of the insurance company to the south of Kabredlo's store and represented signatures from employees of that business and other individuals not living in the neighborhood.

The Commission's order granting the liquor license to Kabredlo's was dated November 26, 1997, and reads in relevant part:

THE COMMISSION FINDS:

1. That the applicant is fit, willing and able to provide the proposed services.

2. That the applicant can conform to all provisions, requirements, rules and regulations found in the Nebraska Liquor Control Act and the Rules of the Nebraska Liquor Control Commission.

3. That the applicant has demonstrated that the type of management and control exercised over the proposed licensed premises would be sufficient to ensure that the proposed licensed business would conform to all provisions, requirements, rules and regulations, found in the Nebraska Liquor Control Act.

4. That all of the factors set forth in 53-132(3) have been considered and the issuance of this license is required by the present or future public convenience and necessity.

5. That the application should be granted with the stipulation to stop liquor sales at 10:00 p.m.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED that the application of Kabredlo's . . . for a Retail Class B Liquor License . . . should be . . . approved, and that a license should be duly issued according to law.

The City filed a motion for rehearing with the Commission on November 21, 1997, which was overruled on December 3. Subsequently, the City appealed to the district court for Lancaster County. The City's contention before the district court was that the Commission did not consider zoning restrictions in

its decision to grant the liquor license, making the Commission's decision arbitrary and unreasonable. The City also attached a copy of the actual liquor license to its petition, showing the license period to be from November 13, 1997, to April 30, 1998. The City argued that the Commission illegally caused the license to be issued prior to its final order of November 26, 1997.

The district court analyzed the restriction in the Lincoln Municipal Code, finding that the zoning ordinance allowed stores like Kabredlo's to operate in the B-3 zoning district, that the availability of a special use permit indicated that selling alcohol was not entirely prohibited in those zoning districts, and that the zoning ordinance allowed for mitigation of the 100-foot requirement or waiver by the city council. The district court cited numerous places in the record of the hearing before the Commission where zoning and related issues were discussed. The district court stated that the criteria in § 53-132(3) were not necessarily controlling on the Commission's decision, but simply to be considered by the Commission. The district court found that the Commission did indeed consider these criteria and that the record supported the Commission's finding that the requirements of § 53-132(2) had been met. For these reasons, the district court held that the Commission's decision was not arbitrary or unreasonable. This appeal follows.

## ASSIGNMENTS OF ERROR

The City asserts that the Commission erred in determining to grant the license without properly considering the factors required under § 53-132. The City also asserts that the district court erred in (1) determining that the Commission can consider local zoning restrictions by merely discussing them and voting to grant the license without making any findings related to the City's zoning restrictions and (2) failing to find that the Commission illegally issued the liquor license to Kabredlo's, effective November 13, 1997, prior to the Commission's final order dated November 26, 1997.

## STANDARD OF REVIEW

On appeal, decisions of the Commission are reviewed by an appellate court de novo on the record. *Grand Island Latin*

*Club v. Nebraska Liq. Cont. Comm.*, 251 Neb. 61, 554 N.W.2d 778 (1996); *Marting v. Nebraska Liquor Control Comm.*, 250 Neb. 134, 548 N.W.2d 326 (1996); *No Frills Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994).

■ Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *No Frills Supermarket, supra.*

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Ferguson v. Union Pacific RR. Co.*, 258 Neb. 78, 601 N.W.2d 907 (1999); *In re Application of City of North Platte*, 257 Neb. 551, 599 N.W.2d 218 (1999); *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999); *Central States Found. v. Balka*, 256 Neb. 369, 590 N.W.2d 832 (1999).

■ A district court may not disturb a decision of the Commission unless the decision was arbitrary and unreasonable. *Marting, supra.*

## DISCUSSION

*Factors Required Under § 53-132.*

The criteria to be considered by the Commission when determining whether to grant a class B retail liquor license are found in § 53-132, which provides:

> (2) A retail license or bottle club license shall be issued to any qualified applicant if it is found by the commission that (a) the applicant is fit, willing, and able to properly provide the service proposed within the city, village, or county where the premises described in the application are located, (b) the applicant can conform to all provisions, requirements, rules, and regulations provided for in the Nebraska Liquor Control Act, (c) the applicant has demonstrated that the type of management and control exercised over the licensed premises will be sufficient to insure that the licensed business can conform to all provisions, requirements, rules, and regulations provided for in the

Nebraska Liquor Control Act, and (d) the issuance of the license is or will be required by the present or future public convenience and necessity.

(3) In making its determination pursuant to subsection (2) of this section the commission shall consider:

(a) The recommendation of the local governing body;

(b) The existence of a citizens' protest . . . ;

(c) The existing population of the city, village, or county . . . and its projected growth;

(d) The nature of the neighborhood or community of the location of the proposed licensed premises;

(e) The existence or absence of other retail licenses or bottle club licenses with similar privileges within the neighborhood or community of the location of the proposed licensed premises;

(f) The existing motor vehicle and pedestrian traffic flow in the vicinity of the proposed licensed premises;

(g) The adequacy of existing law enforcement;

(h) Zoning restrictions;

(i) The sanitation or sanitary conditions on or about the proposed licensed premises; and

(j) Whether the type of business or activity proposed . . . is and will be consistent with the public interest.

Although the City assigns as error that the Commission did not adequately consider the factors under § 53-132, it does not argue that Kabredlo's failed to meet the conditions set out in § 53-132(2)(a) through (d). Further, with regard to § 53-132(3), the City does not argue that Kabredlo's failed to satisfy any of the factors listed in subsections (a) through (j) with the exception of (h), the zoning restrictions factor. Errors assigned but not argued will not be addressed. *Myers v. Nebraska Equal Opp. Comm.*, 255 Neb. 156, 582 N.W.2d 362 (1998); *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997). Our de novo review of the record shows sufficient evidence to support the Commission's findings that Kabredlo's has met the conditions in § 53-132(2) and the criteria of 53-132(3), with the exception of § 53-132(3)(h), which will be discussed below. We find that the City's first assignment of error is without merit as it relates to the criteria under § 53-132(2) and (3)(a) through (g), (i), and (j).

*Zoning Restrictions Under § 53-132(3)(h).*

The City's second assignment of error is that the district court erred in determining that the Commission can consider local zoning restrictions by merely discussing them and voting to grant the license without making any findings related to the City's zoning restrictions. In its brief, however, the City essentially argues that the zoning restriction should be a controlling criteria on the Commission, necessitating a denial of the liquor license, unless there is a specific finding that the zoning restriction was arbitrary or unreasonable.

Kabredlo's is in violation of the City's zoning requirements in that it does not have the required special use permit. The City argues that Kabredlo's did not appeal either the city council's decision to deny the special use permit or the city council's decision not to waive the requirements of the Lincoln Municipal Code as allowed under Neb. Rev. Stat. § 15-1201 (Reissue 1997). In addressing the zoning issue, the district court stated that the criteria in § 53-132(3) were not necessarily controlling on the Commission's decision, but were to be considered. The district court also pointed out that the zoning ordinance does not entirely prohibit the sale of alcohol in the zoning districts covered by the special use permit and that the 100-foot requirement is not absolute, as the possibility for mitigation and waiver do exist.

We can find no case law in Nebraska specifically addressing a situation where an applicant for a liquor license has previously been denied a zoning permit similar to the special use permit lacking in this case. In a number of cases, zoning was presented in a different context, such as city ordinances requiring an off-sale alcohol beverage retailer to sell alcoholic beverages only from premises which are separate and distinct from the sale of other products. The Nebraska Supreme Court has either disapproved of, or found unconstitutional, separate and distinct premises requirements in the context of liquor licensing laws in a number of cases. See, *Gas 'N Shop v. City of Kearney,* 248 Neb. 747, 539 N.W.2d 423 (1995); *Hy-Vee Food Stores v. Nebraska Liquor Control Comm.,* 242 Neb. 752, 497 N.W.2d 647 (1993); *Gas 'N Shop v. Nebraska Liquor Control Comm.,* 241 Neb. 905, 492 N.W.2d 12 (1992); *Gas 'N Shop v. Nebraska*

*Liquor Control Comm.*, 241 Neb. 898, 492 N.W.2d 7 (1992); *Pump & Pantry, Inc. v. City of Grand Island*, 233 Neb. 191, 444 N.W.2d 312 (1989); *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 229 Neb. 530, 427 N.W.2d 784 (1988).

For our analysis, it is useful to examine some of the cases that analyze the factors of § 53-132(3). In *Kwik Shop v. City of Lincoln*, 243 Neb. 178, 498 N.W.2d 102 (1993), and *Whitehead Oil Co. v. City of Lincoln*, 243 Neb. 312, 498 N.W.2d 793 (1993), the court analyzed the evidence relating to each of the factors under § 53-132(3), as well as evidence relating to each separate finding by the city council, finding no evidence that weighed against the applicants. The court's conclusion in both cases was that the record did not indicate a legitimate reason for denying the requested licenses. The court in *B & R Stores v. Nebraska Liquor Control Comm.*, 242 Neb. 763, 497 N.W.2d 654 (1993), found that a lawful justification for refusing to grant a liquor license must exist; purely arbitrary treatment or classification cannot be sustained. In *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 241 Neb. 905, 492 N.W.2d 12 (1992), the court indicated that the record documented no zoning restrictions which would preclude the issuance of the license in question. While this conclusion suggests that a violation of an applicable zoning restriction could present a legitimate reason to preclude issuing a liquor license, the case does not directly stand for that proposition. None of the foregoing cases suggest that failure to satisfy one or more of the factors under § 53-132(3) automatically requires denial of the license.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Ferguson v. Union Pacific RR. Co.*, 258 Neb. 78, 601 N.W.2d 907 (1999); *In re Application of City of North Platte*, 257 Neb. 551, 599 N.W.2d 218 (1999); *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999); *Central States Found. v. Balka*, 256 Neb. 369, 590 N.W.2d 832 (1999). Section 53-132 directs that a license *shall be issued* to the applicant if the criteria of (a) through (d) of subsection (2) are met. Additionally, it states that the Commission *shall consider* the factors laid out in

subsection (3) in determining if the elements of subsection (2) have been met. The statute does not state that all factors listed in subsection (3) must be met prior to issuance of a license, as suggested by the City. The Commission's final order stated that it found that all the conditions of § 53-132(a) through (d) had been met and that it had considered the criteria set forth in subsection (3). We find that the district court's ruling that the criteria in subsection (3) of 53-132 do not control the Commission's decision, but must simply be considered by the Commission, is correct.

The City spends considerable time arguing in its brief that in order for the Commission to disregard zoning, the Commission must make a specific finding in a final order that denying the liquor license application because of the lack of the special use permit would be arbitrary and unreasonable. The lack of the special use permit is not determinative. Under § 53-132(3)(h), the Commission must only "consider" zoning restrictions. Thus, we do not review the denial of the special use permit in this appeal. The record as a whole shows that considerable evidence was submitted to the Commission regarding the zoning ordinance and that the Commission considered the zoning restriction factor. But, in the final analysis, the record did not indicate a legitimate reason for denying the license. See, *Kwik Shop v. City of Lincoln*, 243 Neb. 178, 498 N.W.2d 102 (1993); *Whitehead Oil Co. v. City of Lincoln*, 243 Neb. 312, 498 N.W.2d 793 (1993).

*Issuance of Liquor License Prior to Final Order.*

Finally, the City alleges that the Commission illegally issued the liquor license before the final order and before the City's motion for rehearing was decided by the Commission. The hearing before the Commission was on November 6, 1997, and the Commission's order granting the license was dated November 26, 1997. The copy of the liquor license attached to the City's petition to the district court shows a license period of November 13, 1997, to April 30, 1998. The City filed its motion for rehearing on November 19, 1997, which the Commission denied on December 3.

The City raised this issue in its motion for rehearing, citing Neb. Rev. Stat. § 53-1,116 (Reissue 1984), which requires "[a]

copy of the rule, regulation, order, or decision of the commission, in any proceeding before it [to be] served upon each party of record to the proceeding before the commission." In addition to service on the parties, this section allows any party to apply for a rehearing within 20 days after the service of any order, decision, et cetera. The section also provides that decisions of the Commission may be appealed by filing notice of intent to appeal with the Commission within 20 days from when the Commission mailed the final decision to each party and by filing a petition with the district court within 30 days from when the Commission mailed the final decision to the parties.

In the City's petition to the district court, the City alleges that "the Executive Director of the Commission caused, directed, or otherwise allowed the liquor license to administratively issue to the City Clerk of the City of Lincoln, Nebraska, on or about November 15, 1997." In Kabredlo's answer, it admitted that the copy of the liquor license attached to the City's petition, showing the license period of November 13, 1997, to April 30, 1998, was granted to Kabredlo's by the Commission's order of November 26, 1997. However, Kabredlo's denied the paragraphs relating to the allegation that the Commission allowed the license to administratively issue on or about November 15, prior to the date of the final order. There is no evidence on the record before the district court about the actual issuance of the license, and the district court did not rule on this issue.

The City misconstrues the purpose of § 53-1,116. Contrary to the City's argument that this section does not allow a liquor license to be issued without a final order of the Commission, this statutory provision does not set forth a specific procedure for the issuance of a liquor license. Rather, it concerns the requirement for the final order to be mailed to the parties prior to the filing of a motion for rehearing or a notice of appeal. This same argument was addressed in *Marting v. Nebraska Liquor Control Comm.*, 250 Neb. 134, 548 N.W.2d 326 (1996), where the appellant alleged that the liquor license was issued before the entry of the Commission's written order. The license in that case was not contained in the record. The appellant's petition to the district court alleged that the license was issued on a particular date, and the Commission admitted

that allegation in its answer. The record did not, however, contain evidence of either an admission or denial of this fact by the license applicant. The court held that the record in that case did not sustain the assignment of error.

In the present case, although the license is part of the record and shows a license period starting prior to the date when the Commission's final order was issued, there is nothing on the record to sustain the allegation that the license actually was issued prior to the final order. Kabredlo's answer does not admit to this allegation, and there was no evidence presented on this issue. As evidenced by the Commission's minutes from November 5 and 6, 1997, the license was issued to Kabredlo's by the Commission after a unanimous vote by the Commission granting the license. The City filed its motion for rehearing based on the November 6 decision of the Commission to grant the license, because the City knew the decision to grant the license was made on that date. The fact that the order was signed on a later date has no bearing on the present case. Accordingly, as in *Marting, supra*, the record fails to sustain this assignment of error. We find that the retail class B liquor license granted to Kabredlo's pursuant to the Commission's decision of November 6 was properly granted and legally issued.

## CONCLUSION

The Commission adequately considered all factors under § 53-132, including zoning restrictions under subsection (3)(h). The district court's decision that the criteria in subsection (3) of § 53-132 do not control the Commission's decision, but simply must be considered by the Commission, is correct. Finally, the Commission legally issued the class B retail liquor license to Kabredlo's. We affirm the decision of the district court affirming the Commission's decision to grant the liquor license.

AFFIRMED.