CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION,
APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION AND
KABREDLO'S, INC., DOING BUSINESS AS KABREDLO'S, APPELLEES.

626 N.W.2d 518

Filed May 18, 2001.   No. S-99-574.

Dana W. Roper, Lincoln City Attorney, and Joel D. Pedersen for appellant.

Mark J. Krieger and Jennifer S. Liliedahl, of Bowman & Krieger, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

The Nebraska Liquor Control Commission (Commission) issued a liquor license to Kabredlo's, Inc. The City of Lincoln (City) appealed the decision to the district court for Lancaster County. The City argued, inter alia, that the license should not have been granted because Kabredlo's was not able to sell liquor at the proposed location due to the fact that under the controlling zoning ordinance, the sale of alcoholic beverages for consumption off premises is prohibited at that location in the absence of a special use permit. The record before the Commission showed that the City had denied Kabredlo's application for a special use permit. The district court affirmed the Commission's decision to issue a liquor license. The City appealed to the Nebraska Court of Appeals, which affirmed the district court's decision. *City of Lincoln v. Nebraska Liquor Control Comm.*, 9 Neb. App. 390, 612 N.W.2d 252 (2000). This court granted the City's petition for further review.

For the reasons stated below, we reverse the decision of the Court of Appeals and remand the cause with directions to the Court of Appeals to instruct the district court to reverse its order affirming the Commission's decision and to direct the district court to remand the cause to the Commission with directions to deny Kabredlo's application for a retail liquor license.

## STATEMENT OF FACTS

Kabredlo's owns and operates a convenience store located at 338 North 27th Street in Lincoln, Nebraska, which lies within a B-3 zoning district. Under Lincoln Municipal Code § 27.63.685 (1995), businesses located in a B-3 zoning district are prohibited from selling alcoholic beverages for consumption off the premises in the absence of a special use permit. Kabredlo's applied to the City for a special use permit.

The granting of a special use permit under § 27.63.685 is subject to the condition, inter alia, that the license premises be located no closer than 100 feet from a residential district or residential use, or, if a lesser distance, any adverse effects of the reduction in distance be mitigated by landscaping or other methods approved by the Lincoln/Lancaster County Planning

Commission. The 100-foot separation requirement may be waived by the Lincoln City Council.

A public hearing on Kabredlo's application for a special use permit was held on September 30, 1996. In connection with the hearing, a report was prepared by the staff of the planning commission and provided to the city council. The report indicates that the North 27th Street location is bounded on three sides by residential areas; that the premises lack the required 100-foot separation on those three sides, being within 11 feet on one side, within 41 feet on another, and within 8 feet on the third; and that mitigation would be impossible due to public alleys on two sides and an employee parking lot on the third. The city council voted to deny Kabredlo's application for a special use permit on September 30. Kabredlo's did not appeal the city council's decision to the district court pursuant to Neb. Rev. Stat. § 15-1201 (Reissue 1997).

Kabredlo's applied to the Commission for a retail class B liquor license for the North 27th Street location on July 31, 1997. The "service proposed" by Kabredlo's in its application was the sale of beer. The city council conducted a public hearing on August 25 to determine whether it would recommend issuance or denial of the license. The city council recommended to the Commission that the application be denied. The city council gave various reasons for its recommendation of denial, including the fact that the special permit under § 27.63.685 for the location had not been granted, and, therefore, the services proposed in the application would violate the zoning restriction of the city.

The city council's recommendation for denial triggered the requirement in Neb. Rev. Stat. § 53-133 (Reissue 1984) for a hearing before the Commission. Section 53-133 required the Commission to set for hearing any application recommended for denial by the city, village, or county.

The Commission conducted a hearing on November 6, 1997, during which it considered the application pursuant to Neb. Rev. Stat. § 53-132 (Reissue 1984). Section 53-132 sets forth the qualifications required for issuance of a license to an applicant and the considerations relevant to the Commission's determination of whether an applicant meets such qualifications. The

Commission issued an order approving Kabredlo's application on November 26. The order stated in part that pursuant to § 53-132(2)(a), the Commission found that Kabredlo's was "fit, willing and able to provide the proposed services," and that "all of the factors set forth in 53-132(3) have been considered and the issuance of this license is required by the present or future public convenience and necessity." The Commission overruled the City's motion for rehearing.

The City appealed the action of the Commission to the district court for Lancaster County, contending, inter alia, that the Commission had disregarded zoning restrictions in its decision to grant the liquor license. Kabredlo's cross-petitioned, requesting that the district court declare § 27.63.685 of the Lincoln Municipal Code unconstitutional on the bases that the issuance of special use permits under § 27.63.685 was an unconstitutional exercise of power by the city council and that the conditions set forth in § 27.63.685 were arbitrary, vague, and unreasonable. The City moved to strike Kabredlo's cross-petition, and the district court granted the motion to strike on the basis that the constitutionality of § 27.63.685 of the Lincoln Municipal Code was not raised on the record before the Commission.

After receiving evidence on December 11, 1998, the district court affirmed the decision of the Commission in an order entered March 29, 1999. The district court found that because of the potential grant of a special use permit, "the zoning law does not entirely prohibit alcohol sales in these [B-3] zoning districts." The district court concluded that the criteria in § 53-132(3) were not controlling on the Commission's decision, but were only required to be considered by the Commission, and that the Commission had done so. The district court found that the record supported the Commission's finding that the conditions set forth in § 53-132(2) had been met. The district court concluded that the Commission's decision was not arbitrary or unreasonable and affirmed the decision of the Commission to grant the license.

The City appealed the order of the district court affirming the decision of the Commission to grant the liquor license. The Court of Appeals reviewed the appeal de novo on the record, citing to *Grand Island Latin Club v. Nebraska Liq. Cont. Comm.*,

251 Neb. 61, 554 N.W.2d 778 (1996); *Marting v. Nebraska Liquor Control Comm.*, 250 Neb. 134, 548 N.W.2d 326 (1996); and *No Frills Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994). The Court of Appeals affirmed the decision of the district court. *City of Lincoln v. Nebraska Liquor Control Comm.*, 9 Neb. App. 390, 612 N.W.2d 252 (2000).

In its opinion, the Court of Appeals determined that Kabredlo's lack of a special use permit was not determinative and that the Commission must only "consider" zoning restrictions under § 53-132(3)(h). The Court of Appeals found that the record as a whole showed that considerable evidence had been submitted to the Commission regarding the zoning ordinance prohibiting off-premises liquor sales without a special use permit in B-3 zoning locations and that the Commission had therefore "considered" the zoning restriction. The Court of Appeals concluded that despite the evidence regarding the zoning restriction, "the record did not indicate a legitimate reason for denying the license." 9 Neb. App. at 401, 612 N.W.2d at 259. The City petitioned this court for further review. We granted the City's petition.

## ASSIGNMENTS OF ERROR

On further review, the City asserts that the Court of Appeals erred (1) in concluding that the Commission properly considered the factors required under § 53-132 and (2) in failing to find that the Commission improperly issued the license prior to entry of its final order granting the license. Because we reverse the Court of Appeals' decision on the basis of the first assigned error, we do not discuss the second assigned error.

## ANALYSIS

*Controlling Standard of Review.*

The district court's hearing on this case was conducted on December 11, 1998. The district court decided the case on March 29, 1999. On both these dates, the district court's standard of review was that the district court may not disturb the decision of the Commission unless it was arbitrary and unreasonable. See, *Grand Island Latin Club, supra*; *Marting, supra*. The district court applied the correct standard of review.

After the district court entered its order, the Legislature revised Neb. Rev. Stat. § 53-1,116 (Reissue 1998), effective May 25, 1999. As revised, § 53-1,116 (Cum. Supp. 2000) provides as follows:

Any order or decision of the commission granting, denying, suspending, canceling, revoking, or renewing or refusing to suspend, cancel, revoke, or renew a license, special designated permit, or permit for the sale of alcoholic liquor, including beer, may be appealed, and the appeal shall be in accordance with the Administrative Procedure Act.

Under the Administrative Procedure Act (APA), the district court reviews an appeal without a jury de novo on the record of the agency. Neb. Rev. Stat. § 84-917(5)(a) (Reissue 1999). As noted above, because the district court entered its order prior to May 25, 1999, the APA standard did not yet apply to the district court in the instant case.

Prior to the amendment to § 53-1,116, an appeal of a Commission decision to this court or the Court of Appeals from the district court was reviewed de novo on the record. *Grand Island Latin Club, supra*; *Marting, supra*. Under the APA, however, this court or the Court of Appeals reviews the appeal from the judgment or final order of the district court for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Reissue 1999). The amendment to § 53-1,116, providing that appeals "shall be in accordance with the Administrative Procedure Act," was procedural in nature, and therefore, this court and the Court of Appeals are to apply the standard of review found in the APA for any appeals decided by this court or the Court of Appeals on or after May 25, 1999, the effective date of the amendment. See *Jackson v. Branick Indus.*, 254 Neb. 950, 581 N.W.2d 53 (1998). The Court of Appeals decided this case on June 20, 2000. For this court or the Court of Appeals to decide the appeal from the district court for errors appearing on the record, however, would deny the parties any de novo review of the Commission's decision, thus depriving the parties of their due process rights. See, generally, *Rose Equip., Inc. v. Ford Motor Co.*, 248 Neb. 344, 535 N.W.2d 404 (1995); *In re Interest of M.W. and R.W.*, 1 Neb. App. 378, 497 N.W.2d 396 (1992). Accordingly, appellate

review of the district court's order in this transitional case is de novo on the record. We note that although it relied on authority which was superseded by legislative amendment, the Court of Appeals reviewed the decision of the district court de novo on the record and, accordingly, applied the correct standard of review in this case.

*Analysis of Merits.*

During the times relevant herein, the 1984 version of § 53-132 governed the Commission's issuance or denial of retail liquor licenses. Subsequent to 1984 and prior to the proceedings herein, the Legislature made various attempts to amend § 53-132, but such amendments have been ruled unconstitutional or unenforceable. Specific cases include *Bosselman, Inc. v. State*, 230 Neb. 471, 432 N.W.2d 226 (1988) (declaring 1986 Neb. Laws, L.B. 911, unconstitutional); *Kwik Shop v. City of Lincoln*, 243 Neb. 178, 498 N.W.2d 102 (1993) (declaring 1989 Neb. Laws, L.B. 781, unconstitutional); and *Marting v. Nebraska Liquor Control Comm.*, 250 Neb. 134, 548 N.W.2d 326 (1996) (finding 1993 Neb. Laws, L.B. 183, unenforceable). We note that in 1999, the Legislature rewrote the Nebraska Liquor Control Act pertaining to issuance or denial of retail liquor licenses. See 1999 Neb. Laws, L.B. 267. However, because the proceedings before the Commission herein occurred in 1997, the 1984 version of § 53-132 controlled the Commission's decision. See *Marting, supra.*

The 1984 version of § 53-132(2) states:

> A retail license . . . shall be issued to any qualified applicant if it is found by the commission that (a) the applicant is fit, willing, and able to properly provide the service proposed within the city, village, or county where the premises described in the application are located, (b) the applicant can conform to all provisions, requirements, rules and regulations provided for in the Nebraska Liquor Control Act, (c) the applicant has demonstrated that the type of management and control exercised over the licensed premises will be sufficient to insure [sic] that the licensed business can conform to all provisions, requirements, rules, and regulations provided for in the Nebraska

Liquor Control Act, and (d) the issuance of the license is or will be required by the present or future public convenience and necessity.

The statute further provides at § 53-132(3) that in making its determination pursuant to § 53-132(2), the Commission shall consider:

(a) The recommendation of the local governing body;

(b) The existence of a citizens' protest made in accordance with section 53-133;

(c) The existing population of the city, village, or county, as the case may be, and its projected growth;

(d) The nature of the neighborhood or community of the location of the proposed licensed premises;

(e) The existence or absence of other retail licenses or bottle club licenses with similar privileges within the neighborhood or community of the location of the proposed licensed premises;

(f) The existing motor vehicle and pedestrian traffic flow in the vicinity of the proposed licensed premises;

(g) The adequacy of existing law enforcement;

(h) Zoning restrictions;

(i) The sanitation or sanitary conditions on or about the proposed licensed premises; and

(j) Whether the type of business or activity proposed to be operated in conjunction with the proposed license is and will be consistent with the public interest.

Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. *In re Estate of Dickie, ante* p. 533, 623 N.W.2d 666 (2001). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Gibbons v. Don Williams Roofing, ante* p. 470, 623 N.W.2d 662 (2001). A court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. *Gottsch Feeding Corp. v. State, ante* p. 19, 621 N.W.2d 109 (2001).

■ Giving § 53-132(2) and (3) a plain and ordinary reading and construing them consistently, it is clear that in order to issue a retail liquor license, the Commission must find that each of the conditions specified in § 53-132(2)(a) through (d) are satisfied and that in making its determination whether such conditions are satisfied, the Commission must consider each of the factors listed in § 53-132(3)(a) through (j).

In its order dated November 26, 1997, as to § 53-132(2), the Commission found that the conditions enumerated in § 53-132(2)(a) through (d) were satisfied. The Commission specifically found that with respect to § 53-132(2)(a), Kabredlo's was "fit, willing and able to provide the proposed services." As to § 53-132(3), the order further stated that the Commission found that "all the factors set forth in 53-132(3) have been considered." Based on such findings, the Commission ordered that Kabredlo's application be approved and that a license be issued.

The City objects to the Commission's decision, which was affirmed by the district court and Court of Appeals, in which the Commission found that pursuant to § 53-132(2)(a), Kabredlo's was "fit, willing, and able to provide the proposed services" notwithstanding the fact that the record before the Commission showed that "zoning restrictions" prohibited the sale of alcoholic beverages at the subject location and that Kabredlo's had in fact been denied the special use permit which would permit it to sell alcohol in a B-3 zoning district. The City argues, and we agree, that in determining whether an applicant satisfies the condition in § 53-132(2)(a) of being "fit, willing, and able to properly provide the service proposed within the city, village, or county where the premises described in the application are located," the Commission is required to "consider" the factors listed in § 53-132(3), including "[z]oning restrictions," § 53-132(3)(h). The record before the Commission showed that Kabredlo's had not complied with the local zoning regulations because it had not been issued a special use permit. Therefore, in the instant case, a de novo review of the record shows that Kabredlo's was not "able" to provide the proposed service because the proposed service was located in a zoning district which prohibited the proposed service and that Kabredlo's had

not been granted relief from such restriction. The Commission erred in approving Kabredlo's application for a liquor license, and the district court and Court of Appeals erred in affirming the Commission's decision.

The record in this case indicates that under Lincoln zoning ordinances, the sale of alcohol is prohibited in B-3 zoning districts in the absence of a special use permit. The record further shows that a special use permit may be obtained from the city and such permit would allow the sale of alcohol in a B-3 zoning district, the type of zoning district in which Kabredlo's North 27th Street location is situated. The record clearly indicates that Kabredlo's had been denied a special use permit to sell alcohol at its North 27th Street location and therefore had not complied with zoning regulations. In the instant case, "[z]oning restrictions," § 53-132(3)(h), prohibit Kabredlo's from legally selling beer at the North 27th Street location. Accordingly, Kabredlo's failed to satisfy the condition of § 53-132(2)(a) of being "able to properly provide the service proposed . . . where the premises described in the application are located." Because the existence of "[z]oning restrictions," § 53-132(3)(h), is one of the factors to be considered in determining whether the conditions enumerated in § 53-132(2) are satisfied, § 53-132(2) and (3) taken together, *Gottsch Feeding Corp., supra*, clearly anticipate that in certain situations, an applicant will be unable to provide the "service proposed" in the "premises described" due to zoning restrictions. This is such a case.

We note that in its order, the district court stated that § 53-132 "does not make the criteria in subsection 3 controlling on the Commission's decision." We further note that the Court of Appeals in its opinion stated that "the criteria in subsection (3) of 53-132 do not control the Commission's decision, but must simply be considered by the Commission." *City of Lincoln v. Nebraska Liquor Control Comm.*, 9 Neb. App. 390, 401, 612 N.W.2d 252, 259 (2000). The Court of Appeals also stated that "the record did not indicate a legitimate reason for denying the license." *Id.* While we do not hold that any one of the factors listed in § 53-132(3) invariably "controls" the decision to grant or deny an application for a liquor license, § 53-132(3) states that the Commission "shall consider" the listed factors, and we

read the statute to require a consideration of each of the listed factors in determining whether the conditions of § 53-132(2) have been satisfied. A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless. *Nebraska Dept. of Health & Human Servs. v. Struss, ante* p. 435, 623 N.W.2d 308 (2001). The inclusion of "[z]oning restrictions" in § 53-132(3)(h) is neither superfluous nor meaningless. It is one of the factors to be considered and indicates that the Legislature contemplated that in certain instances, zoning restrictions could prevent an applicant from satisfying the conditions listed in § 53-132(2). In the present case, we determine that a consideration of the controlling zoning restrictions, § 53-132(3)(h), as they relate to the conditions listed in § 53-132(2)(a) through (d), leads to the conclusion that Kabredlo's had not complied with the zoning regulations and therefore did not satisfy the condition found at § 53-132(2)(a) of being "able to properly provide the service proposed" in its application for a retail liquor license at the North 27th Street location. In our de novo review, we determine that the Commission erred when it ignored the zoning restrictions which, on this record, prevent Kabredlo's from being "able to properly provide the service proposed . . . where the premises described in the application are located." § 53-132(2)(a). The Court of Appeals erred when it affirmed the decision of the district court which had affirmed the issuance of the liquor license to Kabredlo's. Accordingly, we reverse the decision of the Court of Appeals.

## CONCLUSION

Pursuant to Lincoln's zoning ordinances, Kabredlo's was prohibited from selling alcohol at its North 27th Street location. We therefore conclude that Kabredlo's was not "able to properly provide the service proposed . . . where the premises described in the application [were] located" as required by § 53-132(2)(a) and that a retail liquor license for the North 27th Street location should not have been issued by the Commission to Kabredlo's. We therefore reverse the decision of the Court of Appeals and remand the cause with directions to the Court of Appeals to

instruct the district court to reverse its order affirming the Commission's decision and to direct the district court to remand the cause to the Commission with directions to deny Kabredlo's application for a retail liquor license.

REVERSED AND REMANDED
WITH DIRECTIONS.